**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SUN CHENG,

Petitioner,

v.

OTAY MESA IMMIGRATION COURT,

Respondent.

Case No.:  26cv0053 DMS DDL

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a return to the Petition, and Petitioner filed a traverse.

As set out in the briefing, Petitioner is a citizen of China. (Am. Pet. at 2.) On January 8, 2025, he entered the United States from Mexico without inspection by an immigration officer where he was apprehended by border patrol agents and taken into custody. (Return at 2.)  After Petitioner was determined to be inadmissible, he was placed in expedited removal proceedings. (*Id.*) He was then interviewed by an asylum officer, who determined Petitioner had a credible fear of being returned to China. (*Id.*)  Petitioner was then issued a Notice to Appear before an immigration judge. (*Id.*)  On December 17, 2025, the immigration judge ordered Petitioner be removed to China. (*Id.*)  Petitioner filed an appeal of that decision, which is currently pending before the Board of Immigration Appeals. (*Id.*)

26cv0053 DMS DDL

On January 2, 2026, Petitioner, proceeding pro se, filed the present case seeking release from custody.  On January 7, 2026, Petitioner filed a motion for appointment of counsel, which the Court granted, appointing Federal Defenders, Inc.  Counsel thereafter filed an Amended Petition raising only one claim, namely, that Petitioner's prolonged detention violates his due process rights.  In response, Respondents argue the Court lacks jurisdiction to consider Petitioner's claim, Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(1)(B), and Petitioner's detention has not been unconstitutionally prolonged.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case.  *See also Fernandes v. Warden*, Case No. 25-cv-3812 JLS (MSB) (addressing similar fact pattern and claim).  In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights.  *See De la Torre Duran*, ECF No. 11.  Applying those factors to the present case results in the same conclusion.  Indeed, on the length of detention factor, Petitioner here has been detained for longer than the petitioner in *De la Torre Duran*.

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition.  Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order.  The parties are ordered to file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing.

**IT IS SO ORDERED**.

Dated:  February 11, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0053 DMS DDL